

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00401-CR

VICTOR MANUEL PENSADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 67,365-B, Honorable John B. Board, Presiding

September 1, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Victor Manuel Pensado was convicted of "Cockfighting," that is, cruelty to animals, and sentenced to one year imprisonment in a state jail facility. His sole issue on appeal concerns the effectiveness of his trial attorney. Allegedly, counsel was ineffective ". . . in failing *to call* witnesses at guilt-innocence who could corroborate his testimony that he did not knowingly engage in cockfighting . . . " and ". . . in failing *to call* favorable witnesses to support his plea for probation." (Emphasis added). We affirm the judgment.

To prevail on a claim for ineffective assistance, an appellant must show not only that his counsel's performance was deficient but that there is a reasonable probability that the result would have been different. *Andrews v. State* 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Moreover, when counsel has not been given a chance to explain his actions or omissions, we generally cannot find his performance deficient unless it was so outrageous that no competent attorney would have engaged in it. *Bedree v. State*, No. 07-14-00009-CR, 2015 Tex. App. LEXIS 3187, at *9 (Tex. App.—Amarillo March 31, 2015, no pet.) (not designated for publication)*, citing Menefield v. State*, 363 S.W.3d 591 (Tex. Crim. App. 2012).

As previously mentioned, appellant complains of his trial counsel's failure to "call" various witnesses during both the guilt/innocence and punishment phases of the trial. So, we do not have before us a situation regarding the extent or reasonableness of defense counsel's preparation for trial.[1]

Next, authority recognizes that a decision regarding whether or not to call particular witnesses generally involves a matter of trial strategy. *Chavis v. State*, No. 14-11-00634-CR, 2012 Tex. App. LEXIS 9975, at *10-11 (Tex. App.—Houston [14th Dist.] December 4, 2012, pet. ref'd) (not designated for publication); *Bailey v. State*, No. 09-11-00195-CR, 2012 Tex. App. LEXIS 5523, at *6 (Tex. App.—Beaumont July 11, 2012, pet. ref'd) (not designated for publication). In other words, opting not to call a particular witness may well be part of an attorney's reasonable trial strategy. To that

---

[1] Appellant first asserted the complaint in an amended motion for new trial. Affidavits from three individuals were attached to the motion. Two were from relatives and one was from his employer, and each averred matter that appellant characterized as beneficial to either his defense or effort to obtain probation. Yet, none of the affiants said defense counsel failed to contact them in preparation for trial. Nor does anything in the amended motion for new trial describe the extent, if any, of defense counsel's investigation prior to or preparation for trial.

truism, we add the observation that appellant's trial counsel here was not afforded the chance to explain 1) his trial strategy 2) whether omitting to call the individuals mentioned as potential witnesses in appellant's amended motion for new trial was part of that strategy or 3) why he did not call them irrespective of his trial strategy.

As reiterated in *Menefield*, "trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'" *Menefield v. State*, 363 S.W.3d at 593, *quoting Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005). Trial counsel having been denied the chance to explain himself here, we find ourselves in the teeth of *Menefield*. Unless his conduct was so outrageous that no competent attorney would have engaged in it, we cannot deem it as ineffective. *Id.* And, because the decision to forego calling a particular witness can be part of a reasonable trial strategy, we cannot say that no competent attorney would have done what trial counsel did here. Simply put, trial counsel at bar must be afforded the chance to explain himself before his conduct can be condemned.

Accordingly, we overrule appellant's issues and affirm the judgment.


Brian Quinn
Chief Justice


Pirtle, J., concurring with the result.

3